**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| GLENN W. GILMAN, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:25-CV-272-JEM |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Glenn W. Gilman on June 18, 2025, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 12], filed on November 24, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 27, 2026, the Commissioner filed a response, and Plaintiff filed a reply on March 16, 2026. For the following reasons, the Court remands the Commissioner's decision.

## I.      Background

In June 2015, Plaintiff first filed applications for benefits, with an amended alleged onset date of June 4, 2014. His claims have been appealed to this court and remanded back to the ALJ twice for additional analysis. On February 3, 2025, Administrative Law Judge ("ALJ") Mary P. Hubert held a video hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On February 18, 2025, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.      The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

2.	The claimant has not engaged in substantial gainful activity since June 4, 2014, the amended alleged onset date.

3.	From June 4, 2014, to April 23, 2017, the claimant had the following severe impairments: diabetes, peripheral neuropathy, obesity, cirrhosis, hypertension, high cholesterol, alcohol abuse, and adjustment disorder with depressed mood.

4.	From June 4, 2014, to April 23, 2017, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.	From June 4, 2014, to April 23, 2017, the claimant had the residual functional capacity to perform sedentary work except that the claimant could occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. The claimant could have no exposure to moving machinery or unprotected heights and must avoid concentrated exposure to wet, slippery surfaces. The claimant could occasionally push/pull and operate foot controls bilaterally. With bilateral upper extremities, the claimant could reach in all directions frequently, and handle, finger, and feel frequently. The claimant could push/pull occasionally with the bilateral upper extremities due to obesity. The claimant was limited to no temperature extremes and occasional vibration. The claimant could perform the tasks assigned, but not always at a production rate pace. The claimant could, however, meet end of day work goals. The claimant could understand, remember, and carry out simple instructions. The claimant could make judgments commensurate with functions of simple, repetitive tasks. The claimant was able to deal with changes in a routine work setting. The claimant required use of a cane for ambulation.

6.	From June 4, 2014, to April 23, 2017, the claimant was unable to perform any past relevant work.

7.	The claimant was a younger individual age 45-49 on the amended disability onset date.

8.	The claimant has a limited education.

9.	From June 4, 2014, to April 23, 2017, transferability of job skills was not an issue in this case because the claimant's past relevant work is unskilled.

10.	Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could perform.

11.	The claimant has not been under a disability as defined in the Social Security Act from the amended onset date of June 4, 2014, to April 23, 2017, the date before the Appeals Council found the claimant disabled.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III.    Analysis

Plaintiff argues that the ALJ erred in the assessment of his learning disorder and how it affected his ability to work. This is the fourth ALJ decision regarding Plaintiff's ability to work, and, as in the previous opinions, it was determined that Plaintiff was unable to do work involving detailed instructions. As Judge Brady explained in 2021 in an opinion remanding a previous ALJ

opinion, Plaintiff's ability to "follow 'simple, but not detailed' instructions is inconsistent with the VE's testimony that Plaintiff could perform jobs that required him to follow detailed instructions," yet "all the proposed vocations [identified by the VE] required Plaintiff to follow detailed instructions," resulting in "a finding of non-disability based on a list of jobs that Plaintiff undisputedly cannot perform." AR 1007-8.

The ALJ in this case likewise concluded that Plaintiff "could understand, remember, and carry out simple instructions." AR 1270. When asked about jobs that could be performed by someone with Plaintiff's limitations, the VE testified that he would be able to perform as a ticket checker, telephone quotation clerk, and document preparer. All of these are classified by the Dictionary of Occupational Titles as Reasoning Level Three jobs, requiring significantly more facility in reasoning and language than the Level Two jobs that Plaintiff has been found unable to perform. Even leaving aside the significant question of whether the jobs identified by the VE actually exist in significant numbers in the national economy, *see Kuhn v. Kijakazi*, No. 22-1389, 2022 WL 17546947, at *2 (7th Cir. Dec. 9, 2022) (quoting 20 C.F.R. § 404.1566(b)) ("work existing in 'very limited numbers cannot be 'significant'"); *Kordeck v. Colvin*, No. 2:14-CV-431-JEM, 2016 WL 675814, at *9 (N.D. Ind. Feb. 19, 2016) (document preparer and telephone quote clerk are among the "jobs that have been reduced significantly in number if not rendered obsolete by the rise of the internet"); *Browning v. Colvin*, 766 F.3d 702, 709 (7th Cir. 2014) (questioning the appropriateness of relying on "job descriptions used by the Social Security Administration come from a 23-year-old edition of the Dictionary of Occupational Titles, which is no longer published, and mainly moreover from information from 1977"), there is no explanation of how Plaintiff would be able to perform these jobs given his limitations. However, if Plaintiff cannot do more than carry out simple instructions, it confounds belief that he would be able to perform a job

requiring him to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations," as is required by Reasoning Level Three. *Dictionary of Occupational Titles,* Appendix C - Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016).

The Commissioner argues that the ability to carry out simple instructions is not inconsistent with the finding that Plaintiff could do the listed jobs. However, the ALJ did not make a supported finding that a restriction to simple instructions accounted for the limitations caused by Plaintiff's learning disability, and that those restrictions were significantly less than those identified in previous ALJ analysis of Plaintiff's medical records. The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991). This case was previously remanded because of the obvious conflict between the finding that Plaintiff could follow simple instructions and the fact that the jobs identified by the VE required Plaintiff to be able to carry out detailed instructions. The ALJ has given no compelling reason to find that Plaintiff was actually able to carry out more complicated instructions involving multiple variables. As with the previous analysis, as Judge Brady succinctly stated, "What the Court is left with, then, is a finding of non-disability based on a list of jobs that Plaintiff undisputedly cannot perform. This is the very definition of error." AR 1008.

Plaintiff requests that the case be remanded for a new decision, and does not argue that benefits should be awarded at this stage of the proceedings. Indeed, the Court is not to substitute

its judgment for that of the Agency, and the errors described herein do not answer all of the factual questions in this case. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (reasoning that a court in its review of the entire administrative record does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of SSA). However, the Court notes that multiple VEs have been unable to identify jobs that Plaintiff was able to do with sufficient numbers in the national economy and none of the opinions of multiple ALJs have adequately established that Plaintiff is not entitled to benefits. The Court suggests that the Commissioner take these repeated failures, and the accompanying cost of multiple appeals, into account on remand.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 1st day of June, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

6